UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEOFFREY DEAN BROWN,

                          Plaintiff,

v.                                                     6:19-CV-0278
                                                          (GTS/ATB)

SHEILA McBAIN, in her individual capacity;
SHEILA POOLE, in her individual capacity;
CHRISTINE MOLINARI, in her individual capacity;
DONNA MARKESSINIS, in her individual capacity;
STEVE SCHAEFFER, in his individual and official
capacities; BRIAN KIRLEY, in his individual and
official capacities; MELANIE A. DEFAZIO, in her
individual and official capacities; and ONEIDA
COUNTY,

                          Defendants.
_____
STEVE SCHAEFFER, in his individual and official
capacities; BRIAN KIRLEY, in his individual and
official capacities; MELANIE A. DEFAZIO, in her
individual and official capacities; and ONEIDA
COUNTY,

                          Third-Party Plaintiffs,

v.

STATE OF NEW YORK,

                          Third-Party Defendant.

_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICE OF DAVID A. LONGERETTA, P.C.    DAVID A. LONGERETTA, ESQ.
  Counsel for Plaintiff
298 Genesee Street
Utica, NY 13502

| | |
|---|---|
| LAW OFFICE OF ZACHARY C. OREN<br>  Co-Counsel for Plaintiff<br>401 Rutger Street<br>Utica, NY 13501 | ZACHARY C. OREN, ESQ. |
| SAUNDERS, KAHLER, LLP<br>  Counsel for County Defendants and<br>  Third-Party Plaintiffs Schaeffer, Kirley,<br>  Defazio, and Oneida County<br>185 Genesee Street, Suite 1400<br>Utica, NY 13501-2194 | MICHAEL D. CALLAN, ESQ. |
| HON. LETITIA A. JAMES, ESQ.<br>Attorney General of the State of New York<br>  Counsel for State Defendants McBain, Poole,<br>  Molinari, and Markessinis, and Third-Party<br>  Defendant State of New York<br>The Capitol<br>Albany, NY 12224 | JOSHUA E. McMAHON, ESQ.<br>Assistant Attorney General |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this civil rights action filed by Geoffrey Dean Brown ("Plaintiff") against Sheila McBain, Sheila Poole, Christine Molinari and Donna Markessinis ("State Defendants"), and Steve Schaeffer, Brian Kirley, Melanie Defazio and Oneida County ("County Defendants" or "Third-Party Plaintiffs"), is the State of New York's ("Third-Party Defendant" or "State") motion to dismiss the County Defendants' Third-Party Complaint. (Dkt. No. 31.) For the reasons set forth below, the State's motion is granted.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Complaint

Generally, in his Complaint, Plaintiff asserts eleven claims: (1) a claim that Defendants McBain, Markessinis, Schaeffer, Molinari, Kirley, and Defazio (in their individual capacities) violated Plaintiff's procedural due process rights when they mistakenly included him on the New

2

York State Central Register of Child Abuse and Maltreatment ("Central Register") and erroneously told Plaintiff's potential employers that he was on the Central Register, thereby causing him stigma that resulted in a loss of employment and future employment and/or reputation; (2) a claim that Defendants McBain, Markessinis, Schaeffer, Molinari, Kirley, and Defazio (in their individual capacities) violated Plaintiff's substantive due process rights when they deprived him of a vested property interest in his employment and future employment by erroneously maintaining and publishing his name on the Central Register even after Plaintiff provided evidence that he was likely not the person who was intended to be listed on the Central Register; (3) a claim that Defendants Molinari, Kirley, and Defazio (in their individual capacities) engaged in unconstitutional malicious prosecution of him by placing his name on the Central Register and disregarding evidence as to the mistaken identity; (4) a claim that Defendant Poole (in her individual capacity) should be held liable for the violation of his procedural due process rights under a theory of supervisory liability because her office's policies and procedures related to providing notice of being listed on the Central Register and ensuring no instances of mistaken identity are ineffective; (5) a claim that Defendant Oneida County should be held liable for the violation of his procedural due process rights under a theory of municipal liability related to Oneida County's Department of Social Service's ineffective and inadequate policies and procedures; (6) a claim that Defendants Schaeffer, Kirley, and Defazio (in their individual capacities) failed to intervene to stop the constitutional violations being committed against Plaintiff; (7) a claim that all Defendants (except Defendant Poole) subjected Plaintiff to malicious prosecution in violation of New York law; (8) a claim that all Defendants (except Defendant Poole) subjected Plaintiff to defamation in violation of New York law; (9) a claim that

3

all Defendants were negligent in violation of New York law; (10) a claim that all Defendants (except Defendant Poole) tortiously interfered with a prospective economic advantage in violation of New York law; and (11) a claim that all Defendants (except Defendant Poole) committed prima facie tort against Plaintiff in violation of New York law. (Dkt. No. 1 [Pl.'s Compl.].)

### B. The County Defendants' Third-Party Complaint

Generally, in their Third-Party Complaint, the County Defendants assert a claim of indemnification and/or contribution against the State as to any liability for the claims asserted by Plaintiff because it was the State (not the County Defendants) that issued the Central Register reports to Plaintiff's employer and/or prospective employers. (Dkt. No. 20 [Third-Party Compl.].)

### C. Parties' Briefing on the State's Motion to Dismiss

#### 1. The State's Memorandum of Law

Generally, in its memorandum of law, the State make the following two arguments: (1) the Third-Party Complaint fails to state a claim upon which relief can be granted because 42 U.S.C. § 1983 does not allow indemnification or contribution claims; and (2) the County Defendants' claim is barred by the Eleventh Amendment because 42 U.S.C. § 1983 does not abrogate the State's sovereign immunity, there is no allegation that the State waived its sovereign immunity, and the County Defendants seek only retroactive monetary relief from the State. (Dkt. No. 31, at 5-7 [State's Mem. of Law].)

#### 2. County Defendants' Opposition Memorandum of Law

Generally, in their opposition memorandum of law, the County Defendants make the

following two arguments: (1) indemnification and/or contribution should be allowed because 42 U.S.C. § 1983 is silent on the issue of contribution and because such claims should be permitted under N.Y. C.P.L.R. § 1401 given that allowing indemnification and/or contribution would assist Plaintiff in recovering damages on his claims in this case; and (2) the Eleventh Amendment does not extend to the portions of the claims for which the County Defendants are seeking indemnification and/or contribution because Plaintiff has asserted relevant causes of action under the Fourteenth Amendment. (Dkt. No. 33, at 7-10 [Cnty. Defs.' Opp'n Mem. of Law].)

## II. LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

6

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
*Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim,
the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*.
at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in
detail the facts upon which [the claim is based]," it does mean that the pleading must contain at
least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must
be enough to raise a right to relief above the speculative level [to a plausible level]," assuming
(of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has
facial plausibility when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial
experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to
infer more than the mere possibility of misconduct, the complaint has alleged–but it has not
show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks
and citations omitted). However, while the plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability
requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to
relief, "the tenet that a court must accept as true all of the allegations contained in the complaint
is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

7

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal

## III.    ANALYSIS

After careful consideration of whether the County Defendants' claim in the Third-Party Complaint is barred by the Eleventh Amendment, the Court answers this question in the affirmative for the reasons stated in the State's memorandum of law.  (Dkt. No. 31, Attach. 1, at 6-7 [State's Mem. of Law].)  To those reasons, the Court adds the following analysis.

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court," including "when State officials are sued for damages in their official capacity."  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  There are three recognized exceptions to the sovereign immunity bar: (1) where a state waives its Eleventh Amendment immunity and consents to suit; (2) where Congress has abrogated the states' sovereign immunity by acting pursuant to a grant of constitutional authority; and (3) where the suit is against a state official in his or her official capacity and seeks prospective injunctive relief.  *Nassau & Suffolk Cnty Taxi Owners Ass'n., Inc. v. State*, 336 F. Supp. 3d 50, 65 (E.D.N.Y. 2018).

Here, the County Defendants' Third-Party Complaint is asserted against the State of New York only as Third-Party Defendant.  (Dkt. No. 20 [Third-Party Compl.].)  Consequently, the only ways in which the Eleventh Amendment would not bar the Third-Party Complaint would be

---

quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

if (a) Congress has abrogated that immunity, or (b) the State has waived its right to immunity.[2] The Court finds that neither is the case here.

As an initial matter, courts have found that claims for indemnification and/or contribution against a State are ones for retroactive monetary relief that are barred by the Eleventh Amendment in the absence of congressional abrogation or a waiver by the State. *See Oneida Cnty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) (finding that "[t]he indemnification claim here, whether cast as a question of New York law or federal common law, is a claim against the State for retroactive monetary relief," and was thus barred by the Eleventh Amendment in the absence of the State's consent to suit); *accord, M.O.C.H.A. Society, Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 223 (W.D.N.Y. 2003); *Catskill Mountains Chapter of Trout Unlimited Inc. v. City of New York*, 207 F. Supp. 2d 3, 5 (N.D.N.Y. 2002) (Treece, M.J.); *Cmty. Health Care Ass'n of New York v. Mahon*, 106 F. Supp. 2d 523, 528 (S.D.N.Y. 2000).

As for congressional abrogation, the County Defendants argue only that a state is not immune for any action in which the plaintiff seeks to recover damages for the state's conduct that violates the Fourteenth Amendment or other civil rights guaranteed by Congress; however, they cite no authority supporting this purported broad exception to sovereign immunity. (Dkt. No. 33, at 9-10 [Cnty. Defs.' Opp'n Mem. of Law].) *See also Dellmuth v. Muth*, 491 U.S. 223, 230

---

[2] The Court notes that whether either the County Defendants or Plaintiff have sought prospective injunctive relief in addition to monetary damages is immaterial here because (a) this exception to sovereign immunity does not apply to suits against the State itself (only to state officials sued in their official capacity), and the County Defendants' Third-Party Complaint is against only the State itself, and (b) Plaintiff has sued relevant state officials in their individual capacities only. (Dkt. No. 1 [Pl.'s Compl.]; Dkt. No. 20 [Third-Party Compl.].) Thus, this third exception does not apply in this case.

(1989) ("[W]e reaffirm today that . . . evidence of congressional intent [to abrogate sovereign immunity] must be both unequivocal and textual."). Nor do they provide any authority to suggest that Congress has abrogated sovereign immunity specifically as to claims for indemnification and/or contribution in relation to civil rights claims. Rather, the Supreme Court has held that 42 U.S.C. § 1983 (the statute underlying Plaintiff's federal claims, which defines the scope of the relevant civil rights litigation against government entities) "was not intended to abrogate a State's Eleventh Amendment immunity." *Graham*, 473 U.S. at 169 n.17 (citing *Quern v. Jordan*, 440 U.S. 332 [1979]; *Edelman v. Jordan*, 415 U.S. 651 [1974]). Notably, the only legal authority the County Defendants' cite to support their argument are cases involving the Americans with Disabilities Act ("ADA"); such cases are entirely inapplicable here because the ADA has been found to include an abrogation of sovereign immunity, while, as already noted above, 42 U.S.C. § 1983 has been found to *not* include such an abrogation of sovereign immunity. (*Id.*) Because 42 U.S.C. § 1983 was not intended to abrogate a state's sovereign immunity for substantive causes of action pursuant to that statute, it would be illogical to find that Congress intended to abrogate sovereign immunity as to the right to seek contribution for a violation of those substantive rights under that same statute (as well as unsupported by any clear evidence of congressional intent); this would result in the possibility of a state paying monetary damages on substantive claims from which they are otherwise immune.[3] The County Defendants therefore

---

[3] Additionally, courts within the Second Circuit have consistently held that 42 U.S.C. § 1983 does not even contain a right to contribution. *Chaney v. City of Albany*, 16-CV-1185, 2019 WL 3857995, at *15 (N.D.N.Y. Aug. 16, 2019) (Mordue, J.) (collecting cases); *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 301-02 (N.D.N.Y. 2018) (Suddaby, C.J.) (collecting cases). Therefore, even if there were an abrogation of sovereign immunity for claims of indemnification and/or contribution arising from substantive 42 U.S.C. § 1983 claims, the County Defendants would be unable to state a claim for indemnification and/or contribution

11

have shown no way in which Congress has abrogated the State's sovereign immunity from the County Defendants' claim for indemnification and/or contribution.

As for waiver by the State, the County Defendants do not allege or argue that New York has waived its sovereign immunity or consented to be sued in this matter, whether for substantive violations or for indemnification and/or contribution. Consequently, there is no basis for finding that the Eleventh Amendment does not protect the State from the County Defendants' third-party claim. *See Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) (noting that a state waives immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction"); *Hamzik v. Office for People with Dev. Disabilities*, 859 F. Supp. 2d 265, 275-76 (N.D.N.Y. 2012) (Hurd, J.) (dismissing claim under 42 U.S.C. § 1983, among others, because New York had not waived its sovereign immunity); *Timmons v. New York State Dep't of Corr. Servs.*, 887 F. Supp. 576, 583 (S.D.N.Y. 1995) (dismissing claims pursuant to 42 U.S.C. § 1983 against the New York Department of Corrections and Community Supervision because the record did not contain any consent by the State of New York to suit in federal court); *cf. Williams v. Murphy*, 13-CV-1154, 2018 WL 2016850, at *10-11 (D. Conn. Mar. 29, 2018) (noting that, even where the state made a voluntary choice to indemnify the defendant pursuant to a state indemnification statute, it still had not waived its sovereign immunity because it had only appeared for the limited role of defending the constitutionality of its statutes).[4]

---

against the State upon which relief can be granted.

[4]   The Court notes that N.Y. Pub. Off. L. § 17 requires the state to indemnify its employees in the amount of any judgment obtained against those employees in state or federal court under the appropriate circumstances. N.Y. Pub. Off. L. § 17(3)(a). However, the

Finally, in the alternative, the Court finds that the State would be entitled to sovereign immunity as to Plaintiff's claims even if the indemnification and/or contribution claims themselves were not barred. As already discussed above, it is well settled that 42 U.S.C. § 1983 does not contain an abrogation of sovereign immunity, and there is no indication that the State has waived its sovereign immunity in this case. Regarding the state law claims asserted in Plaintiff's Complaint (and any basis for the County Defendants to assert state law claims for indemnification or contribution), "it is well settled that the Eleventh Amendment bars the adjudication of pendant state law claims against nonconsenting state defendants in federal court." *Oliver v. New York State Police*, 17-CV-1157, 18-CV-0732, 2019 WL 453363, at *9 (W.D.N.Y. Feb. 5, 2019). Because the Court has already found that there is no indication that New York has waived its sovereign immunity, the State would also be immune from suit on any claim of indemnification and/or contribution pursuant to New York law. *See Timmons*, 887 F. Supp. at 583 (finding pendant state law claim was barred where the record did not contain any evidence of consent to suit by the State of New York). As a result, the Court finds that the State is immune from suit as to all of the relevant claims, both the claim asserted in the County Defendants' Third-Party Compliant and the claims asserted in Plaintiff's Complaint.

**ACCORDINGLY**, it is

**ORDERED** that the State's motion to dismiss the Third-Party Complaint (Dkt. No. 31) is

---

individual County Defendants were employed by Oneida County Child Protective Services, not by the State. (Dkt. No. 1, at ¶¶ 9-12 [Pl.'s Compl.].) New York has a separate provision related to when "public entities" must indemnify their employees, with counties included in the definition of a public entity. N.Y. Pub. Off. L. § 18(1)(a). Because county employees are therefore employees of a public entity rather than employees of the state itself and N.Y. Pub. Off. L. § 17 does not include an obligation to indemnify public entities, the Court finds no basis for a finding of waiver as a result of N.Y. Pub. Off. L. § 17.

**GRANTED**; and it is further

**ORDERED** that the County Defendants' Third-Party Complaint (Dkt. No. 20) is **DISMISSED**.

Dated: January 29, 2020
      Syracuse, New York

_/s/ Glenn T. Suddaby_
Hon. Glenn T. Suddaby
Chief U.S. District Judge